# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM HOWER MELENDEZ, et al.,

      Plaintiffs,

v.                                    Case No. 8:12-CV-390-T-30TGW

PASCO COUNTY DETENTION BUREAU,

      Defendant.

_____/

# O R D E R

Before the Court is Plaintiffs' civil rights complaint against Defendant pursuant to 42 U.S.C. § 1983 (Dkt. 1).[1]  Plaintiffs are prisoners confined at the Land O'Lakes Detention Center within the Pasco County Detention Bureau. Plaintiffs seek to maintain this action as a class action.

This case cannot proceed as a class action.  The four elements required for class certification under Fed.R.Civ.P. 23(a) are: (1) numerosity, the class is so numerous that joinder of all members is impracticable; (2) commonality, there are questions of law or fact common to the class; (3) typicality, the claims or defenses of the class are typical; and (4) adequacy, the class representative will fairly and adequately protect the interests of the class.

---

[1]Plaintiff William Hower Melendez states in the complaint that he is "acting pro-se on behalf of Inmate's [sic] at the Pasco County Detention Bureau. . ." (Dkt. 1 at 1).  However, twelve other prisoners have also signed the complaint as Plaintiffs to this action (Id. at 6).

Fed.R.Civ.P. 23(a); *Hines v. Widnall*, 334 F.3d 1253, 1255-56 (11th Cir. 2003); *Franze v. Equitable Assurance*, 296 F.3d 1250, 1253 (11th Cir. 2002).

Plaintiffs, prisoners proceeding *pro se*, are untrained in the law, and have limited access to legal materials and resources. Therefore, the Court concludes that they cannot adequately protect the interests of the other prisoners in the class. *See Bass v. Benton*, 408 F. App'x 298 (11th Cir. 2011) (unpublished) (plaintiff, a prisoner proceeding *pro se*, could not seek relief on behalf of fellow inmates nor represent them in a class action suit). *See also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action). Consequently, class certification will be denied.[2]

Moreover, Plaintiffs may not proceed jointly in this case. Prisoners may not join together in a single civil rights suit in order to share the filing fee.[3] *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (affirming district court's dismissal without prejudice of complaint filed by multiple prisoner plaintiffs and requiring each prisoner to file a separate action with either the filing fee or a motion to proceed *in forma pauperis*).

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiffs' request for class certification is **DENIED**.

---

[2]The decision to certify a class "is within the broad discretion of the district court." *Sacred Heart Health Systems, Inc. v. Humana Military Healthcare Services, Inc.*, 601 F.3d 1159, 1169 (11th Cir. 2010).

[3]The Court notes that none of the Plaintiffs have paid the $350.00 filing fee or applied for leave to proceed *in forma pauperis*.

2.	Plaintiffs' complaint (Dkt. 1) is **DISMISSED** without prejudice to each prisoner filing a new, individual complaint on his own behalf, accompanied by either the full filing fee or an application to proceed *in forma pauperis*.

3.	The **Clerk** is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on March 6, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: William Hower Melendez, Plaintiff *pro se*